# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-20706-GAYLES

**JANE DOE, individually and as mother and legal guardian of JANET DOE, a minor,**
        Plaintiffs,

v.

**MIAMI DADE COUNTY SCHOOL BOARD,**
        Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Miami-Dade County School Board's ("MDCSB") Amended Motion to Dismiss Plaintiffs' Complaint [ECF No. 11]. The Court has carefully considered the parties' briefs, the Complaint and the exhibits attached thereto, and the applicable law and is otherwise fully advised in the premises. For the reasons that follow, the Defendant's Amended Motion to Dismiss is granted in part and denied in part.

## I. BACKGROUND

According to the allegations in the Complaint, Janet Doe was sexually assaulted by another student while attending Lawton Chiles Middle School—a public school under the purview of Defendant MDCSB. [ECF No. 1-1].

On January 26, 2018, Jane Doe filed the Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging four counts against Defendant MDCSB: (1) violations of 42 U.S.C. §1983, based on a policy of lax investigation and a failure to train and supervise; (2) common law negligence; (3) common law negligent supervision; and (4) common law loss of filial consortium. On February 22, 2018, Defendant MDCSB removed

this action pursuant to 42 U.S.C. §1441. On February 26, 2018, Plaintiffs moved to remand this action to state court. [ECF No. 5]. The Court denied the motion by Endorsed Order on April 6, 2018, finding that this Court may properly exercise supplemental jurisdiction over the state law claims because they arise under a common nucleus of operative facts with the federal claim. [ECF No. 14]; *see also, Mines v. Barber*, 610 Fed. App'x 838, 841 (11th Cir. 2015). Defendant filed the instant motion to dismiss on March 16, 2018, arguing that Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs oppose the motion.

## II. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III. DISCUSSION

### A. <u>Count I: Violations under 42 U.S.C. § 1983</u>

In order to state a claim arising under 42 U.S.C. § 1983, the Plaintiffs must allege and identify a specific official policy that caused their injuries. *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003). Plaintiffs may show such a policy by either specifically identifying an officially promulgated policy or by specifically identifying an unofficial custom which in turn may be shown through the repeated acts of the final policymaker. *Id.* Under either method, the inquiry necessarily requires a plaintiff to show that the government entity has authority and responsibility over the governmental function at issue *and* to identify those officials who speak with final authority for the county concerning the act alleged to have caused the particular constitutional violation at issue. *Id.* (emphasis added). Plaintiffs have failed to do so in this Complaint.

Plaintiffs' Complaint does not sufficiently allege either an officially promulgated policy or an unofficial custom as shown by repeated acts of the final policy maker. Defendant correctly points out that at best, "Plaintiffs allegations of custom or practice are limited to one isolated incident." [ECF No. 11] at 5. Plaintiff cites to no other incidents—other than the one involving Janet Doe—that would indicate repeated acts as required to show an unofficial policy. Plaintiff argues that paragraphs 13-14 of the Complaint contain the appropriate allegations. The Court finds, however, that these are conclusory allegations for which no factual support is provided.

Lastly, Plaintiffs attempt to assert a claim against Defendant MDCSB under 42 U.S.C. § 1983 for failure to train and/or to supervise its employees. Proof of this claim requires a plaintiff to establish the defendant knew of a particular need to train and/or supervise in a particular area and that the defendant made the deliberate or conscious choice to not take any action. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (quoting *City of Canton, Ohio v. Geraldine Harris, et al.*, 489 U.S. 378, 388-99, 109 S. Ct. 1197 (1989)). Here, Plaintiffs do not properly allege that the Defendant

knew of a particular need to supervise and that it deliberately chose not to do so. Plaintiffs cite to paragraphs 15-22 of the Complaint. However, Plaintiffs' conclusory allegations, that the Defendant's training practices were inadequate, are not sufficient to state a claim under § 1983. Thus, Defendant's Motion with respect to Count I is granted and this Count is properly dismissed without prejudice.

### B. Counts II and III: Common Law Negligence and Common Law Negligent Supervision

Defendant's sole argument as to Counts II and III is that Plaintiffs did not allege that all conditions precedent were met before instituting the action. The Court finds this argument without merit. Paragraph 10 of the Complaint clearly states

> [a]ll conditions precedent to bringing the claims in this lawsuit have been satisfied and/or waived. On or about April 7, 2017, Plaintiffs served a letter pursuant to §768.28, Florida Statues, to School Board of Miami-Dade County, formally advising the School Board as to Plaintiff's [sic] negligence claim arising from the sexual assault described in the lawsuit. The School Board of Miami-Dade County subsequently waived the statutory waiting period for Plaintiff [sic] to assert a negligence claim against School Board of Miami-Dade County.

[ECF No. 1-1] at ¶ 10.

Additionally, Plaintiffs attached a notice letter in their response in opposition to the Defendant's Motion. [ECF No. 15-1]. The Court may properly consider documents attached to a motion to dismiss or its response if they are "(1) central to the plaintiff[s'] claim; and (2) undisputed." *Horsley v. Feldt*, 305 F.3d 1125, 1134 (11th Cir. 2002). This document is central to the Plaintiffs' claims as it directly involves whether they satisfied all conditions precedent before instituting this action. Further, it is "undisputed" as Defendant does not challenge the authenticity of the letter. *Id.* Thus, Defendant's Motion with respect to Counts II and III is denied.

### C. Count IV: Loss of Filial Consortium

"[A] parent of a negligently injured child has a right to recover for the permanent loss of filial consortium suffered as a result of a significant injury resulting in the child's permanent total disability." *U.S. v. Dempsey*, 635 So. 2d 961 (Fla. 1994). Plaintiffs agree that they have not plead

4

that the child's injuries were "significant" nor resulting in "permanent and total disability." [ECF No. 15] at ¶¶ 34-35. Therefore, Defendant's Motion with respect to this Count is granted and Count IV is dismissed without prejudice.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendant's Amended Motion to Dismiss [ECF No. 11] is **GRANTED IN PART AND DENIED IN PART**. Counts I and IV of the Plaintiffs' Complaint [ECF No. 1-1] are **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion with respect to Counts II and III is **DENIED**. Plaintiffs may file an amended complaint on or before January 7, 2019.

All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of December, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE